### SCHUMER v. KOHN et al. (No. 2.)

(Supreme Court, Appellate Term.    June 25, 1909.)

CONTRACTS (§ 321*)—NONPERFORMANCE—RIGHT OF SUBCONTRACTOR.

Where a contractor's failure to perform was so serious as to leave nothing due him, the owner was not liable for labor and material furnished by subcontractors.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1508; Dec. Dig. § 321.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by David Schumer against Nathan Kohn, impleaded with others. From a Municipal Court judgment for plaintiff, defendant Kohn appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Samuel S. Koenig (Joseph Fischer, of counsel), for appellant.
Pollak & Deutsch (Samuel B. Pollak, of counsel), for respondent.

PER CURIAM. The plaintiff claimed for $32, value of two skylights put in by him as subcontractor of Pototzky & Co., for making alterations upon premises 153 Avenue A, belonging to the defendant, at an agreed price for the work of $1,100, payable in installments. By the terms the second payment was to be made "when the entire work would be completed and accepted by the owner," and the final payment of $300 became due "when certificates would be obtained from the building department and tenement house department showing compliance with laws and regulations, no violations pending, and the building suitable for occupancy. One of the contractors, Katotzky, called by the plaintiff, testified his work was not done in the front part of one store and there were violations pending, admitted that the plans as well as the law required the vestibule entrance door to be 3 feet 6 inches clear, and he made it half an inch short; that he put in old, instead of new, flooring in the southerly store; and that he had never produced or delivered the certificates required by his contract, offering as excuse for the door that the factory had made it half an inch short. About whether wardrobes should have been installed or not there was a dispute, as there was, too, as to whether remedying the door would cost $250—requiring the taking down of the partition and the marble wainscoting, shifting into one of the stores and resetting the front store door—or $75, or $25. The other contractor, Wesselkowsky, sought to excuse the omission of deafening boards and cleats and closets by testifying that they were omitted because the plumber said they were not needed. The exact cost of originally putting up what was omitted is not of prime importance, inasmuch as the omissions were irritating, made the apartment less suitable, and that the present remedies would require the taking down of so much work as to make them very expensive. Plainly failure to show substantial compliance with the contract was so serious as to leave nothing to the contractor, upon whose rights those of the plaintiff necessarily depended.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.